IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| AMERICAN FINANCIAL SERVICES, INC., | |
| Appellant, | ORDER REMANDING TO THE BANKRUPTCY COURT |
| vs. | |
| SMART DENTAL CARE, LLC, | Case No. 2:07-CV-771 DB |
| Debtor/Appellee. | |

The issue presented on appeal to the Court is whether the United States Bankruptcy Court for the District of Utah abused its discretion when it held that the accounts receivable of the debtor were 11 U.S.C. § 541 property to be included in the bankruptcy estate. The Bankruptcy Court made the following findings: "All three theories [apparent authority, ratification, and equitable estoppel] upon which AFS relies require that Dr. Smart have knowledge of the transactions with AFS, which he did not. Therefore the Court concludes that there was no enforceable contract." (Trial Tr. 133:4-8, July 27, 2007.)

It appears the Bankruptcy Court was correct in holding that knowledge on the part of Dr. Smart was necessary to support a claim of apparent authority or ratification, but the Bankruptcy Court's legal conclusion that knowledge is a prerequisite to equitable estoppel appears to be

contrary to Utah law.  The Supreme Court of Utah has outlined three elements for equitable estoppel: "first 'a statement, admission, act, or failure to act by one party inconsistent with a claim later asserted;' next, 'reasonable action or inaction by the other party taken or not taken on the basis of the first party's statement, admission, act, or failure to act;' and, third 'injury to the second party that would result from allowing the first party to contradict or repudiate such statement, admission, act, or failure to act.'"  *Youngblood v. Auto-Owners Ins. Co.*, 158 P.3d 1088, 1092 (Utah 2007) (citing *Nunley v. Westates Casing Services, Inc.*, 989 P.2d 1077, 1088 (Utah 1999)).  This concept is broad and intended to "prevent injustice where one has reasonably relied to his or her detriment on an intentional or negligent false representation by another." *Barnard v. Barnard*, 700 P.2d 1113, 1115 (Utah 1985).

    IT IS HEREBY ORDERED that the case is REMANDED to the Bankruptcy Court for further proceedings to allow the Bankruptcy Court to determine whether equitable estoppel is a valid claim in this case.

    DATED this 6th day of March, 2008.

_____
Dee Benson
District Court Judge